UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EMPLOYERS MUTUAL CASUALTY       CIVIL ACTION
COMPANY

VERSUS                          NO. 13-816-BAJ-RLB

GEMINI INSURANCE COMPANY, et al.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 4, 2014.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **EMPLOYERS MUTUAL CASUALTY COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-816-BAJ-RLB** |
| **GEMINI INSURANCE COMPANY, et al.** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on a referral from the district judge of the plaintiff's Motion to Remand. (R. Doc. 9). The motion is opposed by defendant Reef Services, LLC ("RSL"). (R. Doc. 13). The issue is whether the Notice of Removal and Amended Notice of Removal sufficiently set forth the citizenship of the defendants so as to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**I.  Background**

On November 14, 2013, the plaintiff, Employers Mutual Casualty Company, filed a petition in the 20th Judicial District Court for the Parish of East Feliciana, State of Louisiana, against defendants Gemini Insurance Company; James Ian Kane (individually and as an officer, director, and owner of Monolyte Laboratories, Inc. and Monolyte Labs, Inc.); Rockwell Energy Solutions, Inc.; Rockwell Fluids Conditioning, LLC; Rockwater Energy Solutions Administrative Services, LLC; Reef Services Holdings, Inc.; Reef Services, LLC (Delaware); and Reef Services, LLC. (R. Doc. 1-1 at 6-12, "Petition").[1]

The plaintiff alleges that it insured an industrial building located at 3424 Meadowood Drive in Slaughter, LA, through a contract of insurance which included as a named insured the

---

[1] The Notice of Removal alleges that Rockwater Energy Solutions, Inc. was incorrectly named in the Petition as Rockwell Energy Solutions, Inc.; Rockwater Fluids Conditioning, LLC was incorrectly named in the Petition as Rockwell Fluids Conditioning, LLC; and that Reef Services, LLC (Delaware) is a non-existent and/or fictitious entity. (R. Doc. 1 at 4-5).

Estate of Vester R. Lawless. Petition, ¶¶ 3, 9. Plaintiff alleges that on or about November 18-19, 2012, a series of fire and explosions resulted in the total loss of the building. Petition, ¶¶ 11-12. Plaintiff asserts that the fire which destroyed the premises was due to the fault and negligence of the defendants and the defendants are responsible for all payments made by plaintiff to its insured for the loss of the building. Petition, ¶¶ 14-20.

On December 20, 2013, defendant RSL filed a Notice of Removal asserting that the court has diversity jurisdiction over the state court action under 28 U.S.C. § 1332. (R. Doc. 1). The Notice of Removal states that it is facially apparent from the petition that the amount in controversy has been satisfied or, in the alternative, that the amount in controversy is satisfied considering the disputed facts and additional information submitted with the Notice of Removal including the Official Report of the Louisiana State Fire Marshal. (R. Doc. 1-4). An Amended Notice of Removal was filed on December 27, 2013, incorporating the assertions in the original Notice of Removal and providing additional attachments. (R. Doc. 4).

In support of the removing defendant's assertion of jurisdiction, the Notice of Removal alleges that the plaintiff is a citizen of the State of Iowa and that the defendants are citizens of the States of Texas, Delaware, Arizona, and Connecticut. (R. Doc. 1 at 4-6). Because the various parties include corporations, limited liability companies, as well as individuals, the Notice of Removal sets forth the specific basis for the determination of the citizenship of each party.

On January 16, 2014, plaintiff filed a Motion to Remand. (R. Doc. 9). The Motion to Remand challenges the sufficiency of the citizenship allegations in the Notice of Removal. No other basis for remand is asserted. With respect to the amount in controversy, plaintiff "does not dispute that the amount in controversy exceeds $75,000." (R. Doc. 9-1 at 2).

**II.     Arguments of the Parties**

In support of remand, plaintiff argues that the removing defendant "has failed to submit sufficient evidence of the citizenship of all members of the defendant LLCs and/or evidence of the principal place of business of the defendants, but rather, has made unsubstantiated allegations without proof of same, and thus this case should be remanded to state court." (R. Doc. 9 at 3).[2] Plaintiff further argues that the case should be remanded because the removing defendant "attached no documentation or offered any evidence verifying the citizenship of the members of the Defendant LLCs or documentation verifying the actual members of the Defendant LLCs . . ." (R. Doc. 9-1 at 4).

In opposition, defendant RSL argues that it has sufficiently pled the citizenship of all parties in satisfaction of the requirements of 28 U.S.C. § 1332 and 28 U.S.C. § 1446. (R. Doc. 13). Defendant RSL has distinctly and affirmatively alleged the citizenship of all parties in full satisfaction of the requirements of 28 U.S.C. §§ 1332 and 1446.

Defendant RSL also notes that plaintiff does not argue that the allegations of citizenship in the Notice of Removal are not true nor does plaintiff expressly challenge the existence of diversity of citizenship between plaintiff and all defendants. However, to the extent that plaintiff's motion could be construed as a challenge to the truth of the representations of citizenship, defendant RSL has provided affidavits to establish that what was alleged in the Notice of Removal regarding the citizenship of the defendants is accurate. (R. Doc. 13-2).

---

[2] The plaintiff's memorandum in support similar argues that the removal "has failed to prove complete diversity as it did not provide any information evidencing the citizenship of the members of the Defendant LLCs or their principal place of business, but rather, made unsubstantiated assertions of fact with no proof of the claims asserted." (R. Doc. 9-1 at 2).

3

**III.    Law & Analysis**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. §1447(c). The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

As the removing party, the defendant has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of establishing . . . that the parties are diverse"). A party invoking diversity jurisdiction must properly allege the citizenship of all parties and show that there is complete diversity.

In addition, if removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. §1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum . . . [removal] is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. Because the parties do not dispute that the jurisidictional threshold of $75,000 has been satisfied, this report and recommendation does not address the amount in controversy.

The parties in this action include individuals, corporations and limited liability companies. A party invoking diversity jurisdiction must allege the citizenship of each party. If a party is an individual, the allegation of that individual's state citizenship is required. If a party is a corporation, a party invoking diversity jurisdiction must allege both the state of incorporation and principal place of business of each corporate party. *See, e.g., Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633 (5th Cir. 1983). The citizenship of a limited liability company for diversity purposes is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The citizenship of all of the members of a limited liability company must be properly alleged. In the event a member of a limited liability company is another business entity (such as a corporation, partnership, or limited liability company), the citizenship of that entity must be properly alleged as well.

Plaintiff does not contest the manner by which citizenship is determined for a limited liability company or a corporation and specifically notes that the Notice of Removal identifies three LLCs as parties, identifies the sole member of each LLC as a corporation, and then identifies the citizenship of each corporation (and therefore the citizenship of the LLC of which it is the sole member) by setting forth the state of incorporation and the principal place of

business. (R. Doc. 9-1 at 2). A review of the Notice of Removal likewise confirms that the citizenship of each party has been properly alleged in accordance with the law applicable in this circuit.

Plaintiff contends that some "supporting documentation" regarding the citizenship of the members of the LLCs as well as documentation evidencing the state of incorporation of the alleged sole member corporations or principal place of business was not provided and therefore the removing defendant is unable to carry its burden of proof that jurisdiction exists. Plaintiff provides no authority to support its position that some additional documentation or evidence was required to be submitted with the Notice of Removal.

Courts in this district have repeatedly required that the burden on the removing party is to "distinctly and affirmatively allege" the citizenship of each party in its notice of removal, not to supply any accompanying evidence verifying those allegations of citizenship. *See Picard v. Kirk Key Interlock Co., LLC*, Civ. Action No. 07-763-C, 2008 WL 565465, *1 (M.D. La. Feb. 27, 2008) ("When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged"); *Toney v. Knauf Gips KG*, Civ. Action No. 12-638-JJB-SCR, 2012 WL 5923960, *1 (M.D. La. Oct. 25, 2012) (same).

The Fifth Circuit has provided similar instruction. "When jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'" *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (quoting *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975); *see also Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) ("We have stated repeatedly that when jurisdiction depends on citizenship, citizenship must be '*distinctly* and *affirmatively* alleged.'") (citing cases); *B., Inc. v. Miller Brewing*, 663 F.2d 545, 549 (5th Cir. 1981) ("where an out-of-state defendant removes an

action from state to federal court, the burden is upon the removing party to plead a basis for federal jurisdiction").[3]

The court finds that the Notice of Removal satisfies the requirements as set forth above. The citizenship of each party is set forth in the Notice of Removal distinctly and affirmatively. Because the citizenship of the plaintiff is diverse from the citizenship of all defendants, complete diversity is present.

The court further agrees with defendant RSL that plaintiff does not contest the citizenship of the parties as they are alleged. If plaintiff had a good faith reason to do so, and makes a factual challenge to the allegations in the removal notice (as opposed to contesting the sufficiency of the allegations), then the burden would be on defendant RSL, as the removing party, to prove the existence of jurisdictional facts. *See Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986). In such a circumstance, the removing party may be required to submit some evidence in support of its allegations of citizenship.

Although the plaintiff does not make a factual challenge to the assertions in the Notice of Removal, the court finds in the alternative that the sworn affidavits submitted by defendant RSL demonstrate that the citizenship of the defendants as alleged are properly supported to meet its burden of proving the existence of such jurisdictional facts.

---

[3] This is further consistent with the pleading standards of Rule 8 of the Federal Rules of Civil Procedure ("A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . ."). There is no requirement that a party asserting this Court's jurisdiction in filing a complaint is required to provide any such supporting documentation.

## IV. Conclusion

For the foregoing reasons, the defendant has met its burden of proving that the parties are completely diverse.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's Motion to Remand (R. Doc. 9) be **DENIED.**

Signed in Baton Rouge, Louisiana, on June 4, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**