# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**EMPLOYERS MUTUAL CASUALTY COMPANY**                    CIVIL ACTION

**VERSUS**

**GEMINI INSURANCE COMPANY, ET AL.**                    NO.: 3:13-cv-00816-BAJ-RLB

## RULING AND ORDER

Before the Court is **Defendant Rockwater Energy Solutions, Inc.'s** ("Rockwater Energy") **MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(2) (Doc. 7).** Rockwater Energy seeks an order dismissing Plaintiff's Complaint for lack of personal jurisdiction. Plaintiff Employers Mutual Casualty Company ("Employers Mutual") opposes Rockwater Energy's Motion to Dismiss. (Doc. 10). Rockwater Energy has been allowed to file a reply to Employers Mutual's opposition, (Doc. 15). Oral argument is not necessary.

## I. BACKGROUND

Employers Mutual filed a lawsuit in the Twentieth Judicial District Court for the Parish of East Feliciana alleging monetary damages arising from a fire and/or explosion which occurred at a facility located in Slaughter, Louisiana. (Doc. 10, p. 1). As a result of the explosion Employers Mutual contends that it was required to pay out insurance proceeds for the total loss of the facility. (Id. at 2). Employers Mutual contends that the explosion was the result of negligent acts by Rockwater Energy and multiple other named defendants. (Id.)

1

Following the removal of Plaintiff's suit to this court (Doc. 1), Rockwater Energy filed the instant Motion to Dismiss for lack of personal jurisdiction. (Doc. 7). In support of its motion, Rockwater Energy has produced an affidavit from its controller stating: (1) it is a Delaware corporation, domiciled in Texas, (Doc. 7-2, ¶ 3; Doc. 1, p. 4); (2) it has never registered to do business in the State of Louisiana and has never appointed an agent for service of process in the State of Louisiana (Doc. 7-2, ¶ 4); and (3) it does not now have, nor has it ever had, any offices or employees in the State of Louisiana. (Doc. 7-2, ¶ 6). In sum, Rockwater Energy contends that it lacks the required minimum contacts with the forum state (Louisiana) to establish personal jurisdiction in this Court. (Doc. 7-1, p. 2).

## II. STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). When a nonresident defendant moves to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2), the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). To withstand a Rule 12(b)(2) motion, a "plaintiff need only present a *prima facie* case of personal jurisdiction to satisfy its burden." *Stripling v. Jordan Production Co.*, 234 F.3d 863, 869 (5th Cir. 2000).

"When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts." *Id.* A court determines the existence of personal jurisdiction over a nonresident defendant by examining the "(1) assertion of jurisdiction by the law of the forum;" and "(2) conformity of the law with the Constitution." *Pedelahore v. Astropark, Inc.*, 745 F.2d 346, 347 (5th Cir. 1984). A defendant is amenable to the personal jurisdiction of a federal court sitting in diversity to the same extent that it would be amenable to the jurisdiction of a state court in the same forum. *Id.*

In a diversity action, a federal district court may exercise personal jurisdiction over a defendant to the extent permitted by the applicable state law. Fed. Rule Civ. Proc. 4(e)(1); *Panda Brandywine v. Potomac*, 253 F.3d 865, 868 (5th Cir. 2001). Pursuant to La. Rev. Stat. § 13:3201, Louisiana's long-arm statute, courts are permitted to exercise personal jurisdiction over non-residents consistent with the Louisiana State Constitution and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *A&L Energy, Inc. v. Pegasus Group,* 791 So. 2d 1266, 1270 (La. 2001). A court's exercise of personal jurisdiction over a non-resident defendant comports with the due process clause when (1) the defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with that state and (2) the court's exercise of jurisdiction over that defendant does not offend traditional

notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

The "minimum contacts" inquiry is fact intensive; the touchstone is whether the defendant purposely directed his activities towards the forum state, such that he could reasonably foresee being haled into court there. *Luv N' Care Ltd. v. Insta-Mix, Inc.,* 438 F.3d 465, 470 (5th Cir. 2006), *quoting World Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). "Minimum contacts" can be established either through contacts sufficient to assert specific jurisdiction, or contacts sufficient to assert general jurisdiction. *Alpine View Co. v. Atlas Copco, A.B.,* 205 F.3d 208, 215 (5th Cir. 2000).

### III. ANALYSIS

Rockwater Energy asserts that it is not subject to the jurisdiction of this Court because it is not engaging in continuous and systematic activities to establish minimum contacts within the State of Louisiana, sufficient to support this Court's jurisdiction. (Doc. 7-1, p. 5).

### 1. Specific jurisdiction

For a court to exercise specific jurisdiction, the plaintiff must show: (1) the defendant purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) the plaintiff's cause of action arose out of or resulted from the defendant's forum-related contacts; and (3) the court's exercise of personal jurisdiction is fair and reasonable. *Nuovo Pignone, SpA v. STORMAN ASIA M/V,* 310 F.3d 374 (5th Cir. 2002).

In determining whether the exercise of jurisdiction is fair and reasonable, courts must balance the following factors: (1) the burden of the defendant to defend himself in the forum state; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) shared interest of the several states in furthering fundamental substantive social policies. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477 (1985).

Employers Mutual asserts that the Court has specific jurisdiction over Rockwater Energy because the cause of action arose from the destruction of a building controlled by Monolyte Laboratories (hereinafter "Monolyte"), a subsidiary that "Rockwater operates through." (Doc. 10, p. 7). Employers Mutual also states that this Court's exercise of jurisdiction does not offend traditional notions of fair play and substantial justice, because the Court would exercise jurisdiction over "a company whose sole purpose is to provide products and services to the oil and gas industry in a state where [both industries are] arguably the largest economic engine for both employment and revenue." (Id.).

In considering whether Rockwater Energy has contacts with Louisiana sufficient to warrant the exercise of specific jurisdiction, this Court must determine whether the present litigation resulted from injuries arising out of or related to the nonresident defendant's contacts with the forum state. *See Helicopteros,* 466 U.S. at 413–16. In the current matter, the following facts are undisputed: (1) the explosion

underlying Employers Mutual's cause of action occurred in a building under the direct control of Monolyte, (Doc. 10, p. 2); (2) the building was located in Slaughter, Louisiana (Id.); (3) Rockwater Energy is a Delaware corporation domiciled in a Texas, (Doc. 1, p. 4); and (4) Rockwater Energy is associated with Monolyte to the extent that Rockwater Energy's facility in Tyler, Texas, houses three subsidiary companies, including Monolyte, (Doc. 10-1, p. 1).

Fifth Circuit law is well established that "a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there; the mere existence of a parent-subsidiary relationship is not sufficient to warrant the assertion of jurisdiction over the foreign parent." *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983); *see also Common Manufacturing Co. v. Cudahy Packing Co.*, 267 U.S. 333 (1925). In the instant matter, Employers Mutual has produced a press release and a company brochure from Rockwater Energy, each stating that Rockwater Energy houses Monolyte Laboratories in its Tyler, Texas facility. (Doc. 10-1 and 10-2). On the other hand, Rockwater Energy is not registered to do business in the State of Louisiana, nor has Rockwater Energy ever appointed an agent for service of process in the State of Louisiana. (Doc. 7-2, p. 2). Further, Rockwater Energy does not have any offices or employees in the State of Louisiana, nor is there any proof that Rockwater Energy's activities resulted in the explosion at issue. (Id). Finally, there is no evidence that Rockwater Energy advertised, recruited, or marketed in Louisiana. Accordingly,

Employers Mutual has not established a prima facie case for specific personal jurisdiction. *See Hargrave*, 710 F.2d at 1159.

## 2. General Jurisdiction

General jurisdiction exists when a non-resident defendant's contacts with the forum state are substantial, continuous, and systematic. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–19, (1984); *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 374 (5th Cir. 2003). The "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Submersible Sys., Inc. v. Perforadora Cent.*, S.A., 249 F.3d 413, 419 (5th Cir. 2001). The Fifth Circuit has consistently imposed a high standard for establishing general jurisdiction. *See Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002) ("[E]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction . . . ."); *see also Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (finding no general jurisdiction even though the defendant routinely arranged and received interline shipments to and from Texas and regularly sent sales people to Texas to develop business, negotiate contracts, and service national accounts); *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 787 (5th Cir. 1990) (holding that sporadic contacts with Louisiana were insufficient to cause the defendant to reasonably anticipate the possibility of being hauled into court in Louisiana); *Johnston v. Multidata Systems Intern. Corp.*, 523 F.3d 602 (5th Cir. 2008) (holding that defendant did not have

sufficient systematic and continuous contacts with forum state even though defendant took multiple trips to forum state, advertised nationwide in publications that reached forum state, and attended multiple conventions in forum state).

Employers Mutual asserts that because Rockwater Energy is "a company whose sole purpose is to provide products and services to the oil and gas industry, [it] purposefully availed itself of the laws of Louisiana, [because Louisiana] is a state with one of the largest oil and gas industries in the U.S., such that it could reasonably anticipate being hauled [sic] into court in Louisiana." (Doc. 10, p. 7). Employers Mutual has not cited to any authority for its assertion.

This Court determines that Rockwater Energy's contacts with Louisiana are not sufficient to establish general jurisdiction in this forum. Employers Mutual's evidence in support of general jurisdiction consists merely of a press release announcing the opening of a Rockwater Energy facility in Tyler, Texas, and a Rockwater Energy brochure that mentions the "Ark-La-Tex" region. (Doc. 10-1). Employers Mutual also selectively quotes a Rockwater Energy brochure and press release, emphasizing the phrases "oilfield," "throughout the U.S.," "oil and gas industry," and "along the Gulf Coast." (Doc. 10, p. 6-7). Essentially, Employers Mutual argues that by using these phrases, Rockwater Energy has established sufficient contacts with Louisiana because Louisiana is on the Gulf Coast and enjoys a large oil and gas industry.

At most, Rockwater Energy's marketing materials show "[r]andom, fortuitous, or attenuated contacts" with Louisiana. *Moncrief Oil Int'l Inc. v. OAO*

*Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007). Such vague and overgeneralized assertions providing no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction. *See Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 596 (5th Cir. 1999). Thus, Employers Mutual also fails to establish a prima facie case for general jurisdiction.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Rockwater Energy's **MOTION TO DISMISS (Doc. 7)** is **GRANTED.** Specifically, the Court dismisses Employers Mutual's claims against **Rockwater Energy** for lack of personal jurisdiction pursuant to Rule 12(b)(2).

Baton Rouge, Louisiana, this 6th day of August, 2014.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**